**CHRISTIE v. COHAN et al.**

No. 256.

Circuit Court of Appeals, Second Circuit.

April 18, 1946.

Frederick E. Weinberg, of New York City, for appellant.

Greenbaum, Wolff & Ernst, of New York City (Morris L. Ernst, Alexander Lindey, and Harriet F. Pilpel, all of New York City, of counsel), for appellee Ferber.

Howard E. Reinheimer, of New York City (Howard E. Reinheimer and Lee Moselle, both of New York City, of counsel), for appellee Kaufman.

O'Brien, Driscoll & Raftery, of New York City, for appellees Cohan et al., executors of Sam H. Harris.

Before L. HAND, SWAN, and CLARK, Circuit Judges.

PER CURIAM.

A statement of the outlines of this cause appears in the opinion of Judge Conger in Christie v. Harris, D.C., 47 F. Supp. 39. We need not repeat what he there has said. The appeal comes to us upon a finding that the defendants, Ferber and Kaufman—the authors of the offending play—had not had access to the plaintiff's play, or knowledge of its existence, or of the plaintiff or her collaborator, or possession of a copy of the play, or acquaintance with any of its incidents or characters. Unless we say that that finding was "clearly erroneous," the appeal is at an end. Judge Conger saw both the authors, and they were examined at length before him; their testimony left him no escape but to accept it as he did, or to conclude that both deliberately perjured themselves; no lapse of memory will explain what they said. In such a setting nothing should move us to hold that the finding was plainly wrong except a parallelism between the plays which admits of no innocent explanation. We have read them both, and do not find the slightest basis in them for disbelieving the authors' disclaimers. Such similarities as exist: i.e., the general theme, the mise en scène, the suicide and the rest, are easily accounted for upon the assumption of independent composition. Indeed the only thing which even faintly demands an explanation, is that the lead in each play takes to the stage because of her mother's defeated histrionic ambitions. That might serve as corroboration, if there were really any tentative inference to corroborate; but there is none. In order to suppose that these two highly experienced and successful authors should have found in the plaintiff's play cues for the far-fetched similarities which she discovers,

one must be obsessed, as apparently unsuccessful playwrights are commonly obsessed, with the inalterable conviction that no situation, no character, no detail of construction in their own plays can find even a remote analogue except as the result of piracy. "Trifles light as air are to the jealous confirmations strong as proof of holy writ."

The attorneys for each of the defendants will be awarded $400 as allowance upon this appeal, and the judgment will be affirmed.

Judgment affirmed.